USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/29/2018_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MANUEL VARGAS,

                         Plaintiff,

             -v-

NANCY A. BERRYHILL,
Commissioner of Social Security,[1]

                      Defendant.

-------------------------------------------------------------X

17 Civ. 1623 (PAE) (HBP)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Manuel Vargas brings this action pursuant to § 205(g) of the Social Security

Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

Social Security (the "Commissioner") denying his application for supplemental security income

("SSI"). Both sides have moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c). Before the Court is the August 10, 2018 Report and Recommendation of the

Hon. Henry B. Pitman, United States Magistrate Judge, recommending that the Court deny

plaintiff's motion and grant the Commissioner's motion. Dkt. 19 (the "Report"). For the

following reasons, the Court adopts the Report in full.

## DISCUSSION

"A district court may set aside the Commissioner's determination that a claimant is not

disabled only if the factual findings are not supported by 'substantial evidence' or if the decision

is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted);

---

[1] Nancy A. Berryhill, who became the acting Commissioner of Social Security on January 23,
2017, is substituted as the defendant in this action in place of Carolyn W. Colvin. *See* Fed. R.
Civ. P. 25(d).

*see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither Vargas nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Pitman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that failure to object within fourteen days will result in a waiver of objections and will preclude appellate review. Report at 93. Accordingly, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court denies plaintiff's motion and grants the Commissioner's cross-motion. The Clerk of Court is directed to terminate the motions pending at docket numbers 15 and 17, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 29, 2018
        New York, New York